IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS, <br> Petitioner, <br><br> VS. <br><br> RODNEY W. CHANDLER, Warden, <br> FCI-Fort Worth, <br> Respondent. | § § § § § § § § | Civil Action No. 4:13-CV-053-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Michael Lewis, Reg. No. 35452-177, is a federal prisoner incarcerated in the Federal Correction Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth, Texas. No service has issued upon respondent.

## C. Procedural History

Pursuant to a plea agreement, petitioner pleaded guilty in this court to one count of distributing crack cocaine and, on January 8, 2007, was sentenced to a term of 240 months' confinement. *United States v. Lewis*, PACER, U.S. Party/Case Index, Criminal Docket for Case # 4:06-CR-00070-Y-1, docket entry nos. 110, 127. Petitioner appealed his conviction and/or sentence, to no avail. *Id.*, docket entry nos. 33, 155 (appeal dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967)). Petitioner has also filed numerous motions for reduction of his sentence in this court, which have been denied. *Id.*, docket entry nos. 50-51, 152, 158, 180, 182-83, 184-85, 188-89. His most recent such motion, filed on July 12, 2012, was denied by the court on July 16, 2012, and said denial remains pending on appeal. *Id.*, docket entry no. 190.

This petition for writ of habeas corpus under § 2241 was filed in this district, where petitioner continues to serve his federal sentence. It appears petitioner attempts to raise a claim under *United States v. Booker*, 543 U.S. 220 (2005),[1] by asserting he is actually innocent of his 240-month sentence because the trial court erroneously enhanced his sentence under the federal sentencing guidelines based on judge-found facts, not admitted by him or found by a jury beyond a reasonable doubt, as to relevant conduct and the amount of drugs attributed to him. (Petition at 3-7)

---

[1] In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 264-68.

D. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[2] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Typically § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under this section is warranted for any error that occurred at or prior to sentencing. *Id.* Section 2255 channels collateral attacks by federal prisoners to the sentencing court, rather than to the court in the district

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

of confinement, as § 2241 requires, so that they can be addressed more efficiently. *Reyes-Requena v. United States*, 243 F.3d 893, 901 n.18 (5th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997)).

A § 2241 petition attacking a federally imposed sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet his burden, petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has neither alleged nor demonstrated that he can meet this standard. The *Booker* line of cases do not apply retroactively to cases on collateral review and do not satisfy the test for filing a § 2241 petition under the savings clause. *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Sesson v. United States Pen. Beaumont, TX*, 305 F.3d 343, 347-48 (5th Cir. 2002). Moreover, petitioner's claim that he is actually innocent of the sentence is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

Petitioner's attack on his sentence is not cognizable in a petition for writ of habeas corpus brought pursuant to § 2241. His collateral attack must be asserted in a § 2255 motion, and the only

court with jurisdiction to determine such a motion is the convicting court. The fact that petitioner is, or may now be, barred under the statute of limitations from bringing a motion under § 2255 does not render the § 2255 remedy inadequate. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations. *Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir. 2000) (citing *Toliver*, 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Because petitioner may not assert the claim raised in this court, the petition should be dismissed for lack of jurisdiction.

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 26, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 26, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 5, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE